```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
JEANETTE WARREN,                )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:20CV793
                                )
JOHN A. PETERY, FRIENDLY FOOT   )
CENTER & OFFICE STAFF, and      )
KAREN DEJESUS,                  )
                                )
          Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is a Motion to Dismiss filed by Defendants John A. Petery, Friendly Foot Center & Office Staff, and Karen DeJesus (collectively, "Defendants"). (Doc. 10.) Defendants move to dismiss pro se Plaintiff Jeanette Warren's ("Plaintiff") Complaint, (Doc. 1), under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (Doc. 10.) For the reasons set forth herein, this court will grant Defendants' motion.

### I.  BACKGROUND

####  A.  Parties

Plaintiff resides in Guilford County, North Carolina. (Complaint ("Compl.") (Doc. 1) at 1.) Defendant Petery is a podiatrist who is a citizen of Guilford County, North Carolina

(Declaration of J. Andrew Petery ("Petery Decl.") (Doc. 10-1) ¶ 1.) Defendant Friendly Foot Center of North Carolina is a corporation with its principal place of business in Guilford County, North Carolina. (Id. ¶ 2; see also Compl. (Doc. 1) at 2.) Defendant DeJesus is a resident of California. (Declaration of Karen DeJesus ("DeJesus Decl.") (Doc. 10-2) ¶ 2; see also Compl. (Doc. 1) at 2.)

**B.  Factual Background**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

In 2017, Plaintiff was a patient of Defendant Petery, a podiatrist with Friendly Foot Center. (See Compl. (Doc. 1) at 6-9.)[1] Plaintiff alleges that Defendant Friendly Foot Center "does not have their staff trained to avoid breaking Federal laws, making up fabricated medical history and not releasing a patient's medical history when asked." (Id. at 8.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Plaintiff alleges the staff at Friendly Foot Center fabricated a medical history for her on July 19, 2017, which contained incorrect insurance information, incorrect blood glucose levels, incorrect information about her primary care physician, and incorrect allergy information. (Id. at 9.) Plaintiff alleges that this incorrect information resulted in Defendant Petery performing a service that she had not sought. (Id. at 6, 9.) Plaintiff's Complaint does not identify the staff member at Friendly Foot Center who was responsible for creating this incorrect medical history. (See id. at 1-9.) Plaintiff alleges that, based on reviews left on the website Yelp.com, Defendant Petery "is still practicing unprofessional methods to perform unnecessary services on his patients." (Id. at 9.)

Plaintiff also alleges that the office staff never provided her with a summary of her medical care after her visits, leaving her unable to understand Defendant Petery's plan for her medical care. (Id. at 8.) Plaintiff alleges that Friendly Foot Center staff "refused to give me . . . all of my medical history after I had paid for it." (Id.) Moreover, Plaintiff alleges that a "$150.00 cash payment was used for several co-payments instead of the one ingrown toenail procedure [she] paid for." (Id.)

Plaintiff alleges that she requested a copy of her medical history on August 31, 2017, but it was not dispatched until

- 3 -

later, and Plaintiff only received it after she "contacted the Department of Health and Human Services[2] . . . ." (Id. at 7.)

Plaintiff alleges that, on April 3, 2018, Defendant DeJesus released part of Plaintiff's medical records to "Mrs. Rosemary D. Revis of the State of North Carolina Department of Justice" without Plaintiff's written consent release. (Id. at 9.) Plaintiff alleges that these medical records included a "Consent to Surgery form" and the medical results from an "Epidermal Nerve Fiber Density Analysis." (Id. at 7.) Plaintiff also alleges that DeJesus "expresse[d] untrue information concerning an examination by John Petery in the letter she mailed to NC Department of Justice," although Plaintiff's Complaint does not indicate the nature of that false information. (Id.)

### C. Procedural History

Plaintiff filed this action on August 31, 2020, alleging violations of Plaintiff's "personal civil rights" and rights under the Health Insurance Portability and Accountability Act ("HIPAA"). (Id. at 7.)

---

[2] Plaintiff does not clarify in her Complaint whether the Department of Health and Human Services office she contacted was located within the North Carolina state government or the federal government. Plaintiff does provide the name and telephone number of her contact at that office. (Compl. (Doc. 1) at 7.) The area code for that office is typically associated with Washington, D.C. (See id.) Accordingly, this court infers that the office was associated with the federal government.

On October 26, 2020, Defendants filed the instant motion, (Doc. 10), and accompanying brief, (Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Br.") (Doc. 11)). Plaintiff filed an initial Response, (Resp. to Mot. to Dismiss ("Pl.'s First Resp.") (Doc. 13)), and sealed attachments, (Doc. 14), on November 19, 2020. On November 30, 2020, Plaintiff filed an Amendment to her Response, (Amend. to Resp. to Mot. ("Pl.'s Am. Resp.") (Doc. 15)), in addition to Sealed Attachments, (Doc. 16). Defendants replied on December 2, 2020. (Doc. 17.)

This motion is ripe for adjudication.

## II. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendants first move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1). (Defs.' Br. (Doc. 11) at 3.)

### A. Standard of Review

Under Rule 12(b)(1), a plaintiff must prove by a preponderance of the evidence the existence of subject-matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009). A defendant may challenge subject-matter jurisdiction facially or factually. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In a facial challenge, a defendant asserts that the allegations, taken as true, are insufficient to establish subject-matter jurisdiction.

- 5 -

Id. The court then effectively affords a plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration," taking the facts as true and denying the Rule 12(b)(1) motion if the complaint "alleges sufficient facts to invoke subject matter jurisdiction." Id.

In a factual challenge, a defendant asserts that the jurisdictional allegations are false, and the court may look beyond the complaint to resolve the disputed jurisdictional facts without converting the motion to one for summary judgment. Id. at 192-93.

**B. Analysis**

Under 28 U.S.C. § 1331, federal district courts have jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statutory provision establishes what is commonly referred to as "federal question jurisdiction." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369 (4th Cir. 2001).

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). "To determine whether a case 'arises under' federal law for the purposes of establishing federal question jurisdiction under 28

- 6 -

U.S.C. § 1331, [courts] follow the well-pleaded complaint rule," Pressl v. Appalachian Power Co., 842 F.3d 299, 302 (4th Cir. 2016), in which jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In the absence of a federal private right of action, federal question jurisdiction does not exist. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 154 (4th Cir. 1994) (holding that where plaintiffs have no private right of action, "no federal subject matter jurisdiction exist[s]").

Plaintiff alleges that this court has federal question jurisdiction, identifying several federal laws and regulations related to HIPAA as bases for federal question jurisdiction: (1) wrongful disclosure of individually identifiable health information under 42 U.S.C. § 1320d-6; (2) HIPAA privacy and security rules under 45 C.F.R. Part 160 and Part 164, subparts A, C, and E;[3] (3) rules governing use and disclosure of protected

---

[3] Plaintiff's Complaint identifies these sections as 45 U.S. Code 160 and 164 . . . ." (Compl. (Doc. 1) at 3.) However, the statute codified at 45 U.S.C. § 160 relates to disputes between railroad carriers and their employees. See 45 U.S.C. § 160. The statute codified at 45 U.S.C. § 164 is a repealed law regarding railway labor. See 45 U.S.C. § 164. The U.S. Department of Health and Human Services has, however, promulgated privacy rules under HIPAA at 45 C.F.R. Parts 160 et seq. and 164 et seq. See Standards for Privacy of Individually Identifiable Health
(Footnote continued)

- 7 -

health information under 45 C.F.R. § 164.502(a); and (4) administrative rules under 45 C.F.R. § 164.530. (Compl. (Doc. 1) at 3.) Defendants challenge Plaintiff's Complaint on facial grounds. (See Defs.' Br. (Doc. 11) at 3-6.)

This court finds that it lacks subject-matter jurisdiction to adjudicate Plaintiff's claims.

Private rights of action to enforce federal laws must be created by Congress. Alexander v. Sandoval, 532 U.S. 275, 286 (2001). The provision of HIPAA cited by Plaintiff, 42 U.S.C. § 1320d-6, penalizes wrongful disclosure or use of protected health information maintained by a covered entity. See 42 U.S.C. § 1320d-6. This provision does not explicitly provide for a private right of action. Id. Similarly, the HIPAA privacy regulations Plaintiff cites, 45 C.F.R. Parts 160 and 164, do not explicitly create a private right of action. In particular, 45 C.F.R. § 160.306 states that "[a] person who believes a covered entity or business associate is not complying with the administrative simplification provisions may file a complaint with the Secretary" of Health and Human Services, rather than

---

Information, 65 Fed. Reg. 82462, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160 and 164). Taking the allegations in Plaintiff's Complaint in the light most favorable to Plaintiff, this court construes Plaintiff as alleging a basis for jurisdiction as arising out of these HIPAA privacy regulations.

indicating that an individual should file a complaint in a federal court. 45 C.F.R. § 160.306(a).

Although the Fourth Circuit has not addressed whether Congress intended to create a private right of action to enforce HIPAA, several other circuit courts and several courts within the Fourth Circuit have held that a private right of action does not exist. See, e.g., Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1080 (9th Cir. 2007) (holding that "HIPAA provides for no private right of action"); Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) (holding that Congress did not intend for a private right of action under HIPAA); Agee v. United States, 72 Fed. Cl. 284, 289 (2006) (same); Baldwin v. Moses H. Cone Mem'l Hosp., No. 1:09CV328, 2009 WL 2242678, at *1 (M.D.N.C. July 24, 2009) ("[I]t is apparent that no private right of action exists under the Act."); Iannucci v. Mission Hosp., Civil No. 1:08CV471, 2008 WL 5220641, at *3 (W.D.N.C. Dec. 11, 2008) ("There is no private cause of action under HIPAA.").

Consistent with other courts' rulings, this court finds that HIPAA does not create a private right of action. In the absence of a private right of action under HIPAA, this court finds that Plaintiff's Complaint does not provide a basis for

- 9 -

federal question jurisdiction[4] under § 1331. Accordingly, this court will grant Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

## III. Motion to Dismiss for Insufficient Service of Process

Defendants move to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Rule 12(b)(5). (Defs.' Br. (Doc. 11) at 6-8.)

### A. Standard of Review

"A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process." Spinks v. Cohen, No. 1:19-cv-522, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 6, 2020); accord Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Plaintiff bears the burden of proving that process has been properly served under the Federal Rules of Civil Procedure. Spinks, 2020 WL 1676919, at *2.

---

[4] Although not pleaded by Plaintiff, (see Compl. (Doc. 1) at 3), this court also would not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. That statute provides subject-matter jurisdiction on the basis of diversity of citizenship and requires that the amount in controversy exceed $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity must be 'complete,' meaning that no plaintiff may share a state citizenship with any defendant. Navy Fed. Credit Union v. LTD Fin. Servs, LP, 972 F.3d 344, 352-53 (4th Cir. 2020). This court finds that complete diversity would not exist in this matter, even if pleaded by Plaintiff, as Plaintiff, Defendant Petery, and Defendant Friendly Foot Center are all citizens of North Carolina. (Compl. (Doc. 1) at 1-2.)

- 10 -

For service on an individual defendant within the United States to be proper and sufficient, a plaintiff must either have the defendant served personally, leave a copy of the materials "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," deliver the materials to an agent authorized to accept the service on defendant's behalf, or conduct service as allowed under the laws of the state where the district court is located. Fed. R. Civ. P. 4(e). North Carolina law provides for service of an individual by the same three methods above, in addition to service by registered or certified mail. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1).

To serve a corporation, a plaintiff must either (1) deliver the materials "to an officer, a managing or general agent, or any other agent" authorized to accept service on behalf of the corporation or (2) serve the corporation in some other way that complies with state law. Fed. R. Civ. P. 4(h). North Carolina law allows for service on a corporation through an officer, director, or registered agent in the manner established in Fed. R. Civ. P. 4(e)(1), in addition to service by registered or certified mail through the officer, director, or registered agent. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6).

> In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

### B. Analysis

Defendants argue that Plaintiff's service was improper. (Defs.' Br. (Doc. 11) at 7-8.) Plaintiff attempted to serve Defendants by delivering summonses directed to these Defendants to the receptionist at the Friendly Foot Center office on September 3, 2020. (Doc. 10-3 ¶ 2.) Defendants have presented a declaration from Friendly Foot Center's receptionist, Maryssa Whiteley, that indicates that Ms. Whiteley is not authorized to accept service on behalf of Defendants Petery, DeJesus, or Friendly Foot Center, (id. ¶¶ 4-5), nor was she an officer, manager, general agent, or registered agent for Defendant Friendly Foot Center, (id. ¶ 5). Defendants assert that they never agreed to waive service. (Defs.' Br. (Doc. 11) at 7; see

- 12 -

Case 1:20-cv-00793-WO-LPA   Document 18   Filed 08/02/21   Page 12 of 14

also Petery Decl. (Doc. 10-1) ¶ 6; DeJesus Decl. (Doc. 10-2) ¶¶ 4-5.)

In her responses, Plaintiff does not address Defendants' arguments regarding service of process. (See Pl.'s First Resp. (Doc. 13); Pl.'s Am. Resp. (Doc. 15).)

This court finds that Plaintiff has failed to effectuate proper service on each defendant in accordance with Fed. R. Civ. P. 4(c)(1) and 4(h). Although this court may extend the time for service for an appropriate period if a plaintiff shows good cause for the failure, see Fed. R. Civ. P. 4(m), because Plaintiff has not provided any explanation for her failure to serve process appropriately and this court lacks subject-matter jurisdiction to adjudicate the action, this court will therefore decline to extend the time for service. Accordingly, Defendants' motion pursuant to Rule 12(b)(5) will be granted.

**IV. Motion to Dismiss for Failure to State a Claim**

Defendants also move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its

- 13 -

face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556-57).

Because this court has found that it lacks federal question jurisdiction, this court declines to consider whether Plaintiff's Complaint has stated a claim upon which relief may be granted and will dismiss Plaintiff's claims on other grounds.

## V. CONCLUSION

For the reasons set forth herein, this court finds that Defendants' Motion to Dismiss should be granted and that Plaintiff's claims should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. 10), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 2nd day of August, 2021.

/s/ William L. Osteen, Jr.
United States District Judge

- 14 -

Case 1:20-cv-00793-WO-LPA   Document 18   Filed 08/02/21   Page 14 of 14